# In the United States Court of Federal Claims

No. 26-410
Filed: April 2, 2026

|  |
|---|
| **LORRAINE VOSS,**<br><br>         *Plaintiff,*<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>         *Defendant.* |

## MEMORANDUM OPINION AND ORDER

Lorraine Voss ("Ms. Voss") brings this action pro se against the United States seeking $11,816,640.00 in damages and restitution for resources she claims are owed to her as an "American Indigenous Indian[.]" (Compl., ECF No.1). Specifically, Ms. Voss alleges that the United States unlawfully classified her as African American which resulted in the defamation of her character. (*Id.*). She argues that this misclassification violated both the laws of the United Nations Declaration of the Rights of Indigenous People ("UNDRIP") and her "Blood Birth Rights as an [A]merican Indigenous Indian[.]" (*Id.*). Because the Court lacks jurisdiction over her claims and they are otherwise not legally cognizable, Ms. Voss's Complaint must be **DISMISSED**.

The Court has an "independent obligation" to ensure subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Under RCFC 12(h)(3), if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. The Tucker Act grants this Court jurisdiction over claims: (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the government. 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Importantly, the Tucker Act does not create a substantive right enforceable against the United States. *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). To come within the Court's jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a lawyer, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), leniency cannot be extended to relieve a pro se plaintiff of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Tucker Act does not provide the court with jurisdiction to entertain claims based upon United Nations declarations, resolutions, or other international human rights instruments.

*Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 705 (2016) (citing 28 U.S.C. § 1502); *Prophet v. United States*, 106 Fed. Cl. 456, 464 (2012) (finding Congress has not conveyed jurisdiction to the Court of Federal Claims over alleged violations arising from UNDRIP). Ms. Voss fails to identify "any statutes providing this court with the authority to entertain claims under . . . [UNDRIP.]" *El v. United States*, 122 Fed. Cl. 707, 710 (2015). This Court has no jurisdiction over Ms. Voss's claim arising from the UNDRIP. Accordingly, this claim must be dismissed.

Ms. Voss also makes allegations sounding in tort. (Compl. Exs. at 2, ECF No. 1-1 (raising claims of fraud, identity theft, and defamation of character by the federal government)). This Court does not have jurisdiction over tort claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *see also Cycenas v. United States*, 120 Fed. Cl. 485, 498 (2015) (holding identity theft is a criminal law claim and outside of the court's jurisdiction); *Golden v. United States*, 118 Fed. Cl. 764, 772 (2014) ("[Plaintiff] may not maintain a defamation of character claim under the Tucker Act . . . [because tort claims] are expressly excluded by the statute"); *Wilson v. United States*, 173 Fed. Cl. 475, 479 (2024) (holding that fraud is a tort and outside the jurisdiction of the Court of Federal Claims). Therefore, Ms. Voss's claims sounding in tort must be dismissed. 28 U.S.C. § 1491(a)(2).

Ms. Voss's cover sheet indicates that she classifies her suit as a takings claim. (*See* Compl., ECF No. 1-2). There is no dispute that the Takings Clause of the Fifth Amendment qualifies as a money-mandating source for Tucker Act jurisdiction. *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). However, even "when a plaintiff establishes jurisdiction by identifying a money-mandating source of law," the Court must still determine whether the facts as pled fall within that source. *Adair v. United States*, 497 F.3d 1244, 1251 (Fed. Cir. 2007) (citing *Fisher*, 402 F.3d at 1167, 1173, 1175–76). To meet this standard under RCFC 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Takings Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation." U.S. CONST. AMEND. V. To the extent Ms. Voss's Complaint could be construed as raising a takings claim, she fails to identify any action on the part of the government that could constitute the alleged taking. *See Adams v. United States,* 391 F.3d 1212, 1218 (Fed. Cir. 2004) ("A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation."). All of Ms. Voss's claims arise from the alleged fraudulent "misclassification" under UNDRIP, which the Court has already determined fails to afford this Court jurisdiction. (*See* Compl.). Because Ms. Voss fails to identify any government action that could constitute the alleged takings in the complaint, dismissal is warranted. RCFC 12(b)(6).[1]

---

[1] Even if jurisdiction existed for any of Ms. Voss's claims, and it does not, the Court cannot state emphatically enough--the mischaracterization of any person as belonging to a particular race, creed, or ethnicity is not defamatory.

For the stated reasons, Ms. Voss's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3) and for failure to state a claim under RCFC 12(b)(6). Ms. Voss's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 2), is **GRANTED** for the limited purpose of this dismissal.[2] The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions.[3]

   **IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] Ms. Voss's application to proceed without the pre-payment of filing fees is incomplete as she has not provided an employment or salary history for Question 2(b). (ECF No. 2 at 2). Given the dismissal of this matter, correction of the application is unnecessary for the sake of judicial efficiency.

[3] The Court clarifies that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Plaintiff is not enjoined from proper post-dismissal filings in this case, nor is plaintiff required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.